UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

DEVON SUTHERLAND,

     Plaintiff,

v.

SATO GLOBAL SOLUTIONS, INC.,
SATO AMERICA, LLC,
and SATO HOLDINGS, LLC,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Devon Sutherland ("Plaintiff"), sues Defendants, SATO Global Solutions, Inc.,

SATO America, LLC, and SATO Holdings, LLC (together "Defendants" or "SATO"), and in

support states:

### PARTIES

1.     Plaintiff is an individual residing in Tennessee and is otherwise *sui juris*.

2.     Defendant SATO Global Solutions, Inc. is a Delaware corporation with its principal

place of business in Miramar, Florida.

3.     Defendant SATO America, LLC is a Delaware corporation with its principal place

of business in Charlotte, North Carolina.

4.     Defendant SATO Holdings, LLC is a Delaware corporation with its principal place

of business in Charlotte, North Carolina.

## JURISDICTION AND VENUE

5.    This is an action in which the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

6.    This Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

7.    Defendants are subject to personal jurisdiction in the Southern District of Florida because Defendants do business in South Florida, and entered into the contract that is the subject of this Complaint in South Florida, and the contract was to be and was partially performed in South Florida.

8.    Venue is proper in this Court because the events and actions that give rise to this action occurred in Broward County, Florida.

## FACTS COMMON TO ALL COUNTS

9.    Mr. Sutherland, is forty-seven (47) years old and a Caucasian American.

10.    Defendants entered into a contract (hereinafter "Service Agreement") with Mr. Sutherland for Mr. Sutherland's employment as Vice President of Legal, Compliance and Human Resources for both SATO Global Solutions, Inc. and SATO America, LLC.

11.    The Service Agreement, dated October 12, 2015, is a contract and is attached to this Complaint as **Exhibit A** and incorporated by reference.

12.    As inducement for his employment and pursuant to the Service Agreement, Defendants promised and were required to compensate Mr. Sutherland for his services as follows:

   a. Mr. Sutherland was to receive an annual base salary of $194,000.00 payable in equal monthly installments;

b. Mr. Sutherland was eligible to participate in a bonus plan;

c. Mr. Sutherland was eligible to participate in Defendants' employee benefit plan and to receive fringe benefits and vacations commensurate with his level and tenure of employment;

d. Mr. Sutherland was entitled to receive reimbursement for his ordinary and necessary business expenses incurred in the performance of his duties;

e. Mr. Sutherland was to receive a company car or be provided a vehicle allowance of $500 per month;

f. Mr Sutherland was eligible for inclusion in Defendants' medical insurance and benefit plan,

g. Mr. Sutherland was to participate in Defendants' 401(k) plan; and

h. Mr. Sutherland was eligible to participate in an executive level stock sharing plan should Defendants become publically traded.

See Service Agreement at ¶ 2.

13. Specifically, the Defendants promised Mr. Sutherland that he would receive stock benefits and bonuses if he would leave his prior employment to work for the Defendants.

14. Mr. Sutherland left his prior employment where he was earning $100,000.00 more in annual base salary in order to work for the Defendants, based upon Mr. Sutherland's reliance on the Defendants promises of stock benefits and bonuses.

15. The term of Mr. Sutherland's employment was to continue until terminated upon 30 days' written notice or for cause as set forth in the Service Agreement. *Id*. at ¶ 3.

16. During Mr. Sutherland's employment under the Service Agreement, he did not violate any company policies and was never given a negative review.

17.     In or about July 2016, Defendants brought in a new management team headed by Goro Yumiba, a Japanese male.

18.     Thereafter, a pattern of age and race discrimination against Caucasian males over the age of forty (40) became evident.[1]

19.     On or about February 21, 2017, Defendants terminated Mr. Sutherland's employment by having Pamela Pace, the head of human resources and the controller for SATO America, LLC, verbally terminate Mr. Sutherland's employment.

20.     Defendants failed to provide Mr. Sutherland 30 days' notice of termination, as required by the Service Agreement, and failed to provide Mr. Sutherland a severance payment of his annual base salary in one lump sum payment and payment of the medical insurance premiums for twelve (12) months at the same contribution level as during active employment, also required by the Service Agreement. Service Agreement at ¶¶ 7c and 7e.

21.     At the time he was terminated, Ms. Pace, on behalf of SATO, provided several pretextual reasons.  No prior notice had been given to Mr. Sutherland regarding any of the stated reasons, as required by the Service Agreement *Id.* at ¶ 7d.

22.     Although the Service Agreement does provide that Mr. Sutherland may be terminated for cause, the stated reasons for Mr. Sutherland's termination do not fall within the definition of "cause" set forth in the Service Agreement. *See id.* at ¶ 7d.[2]

---

[1] Along with Mr. Sutherland, several other Caucasian Americans over the age of forty (40) were terminated by Defendants.  Mr. Sutherland has filed a Charge of Age and Race Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which Charge remains pending. Mr. Sutherland will amend his Complaint to include claims against the Defendants for race and age discrimination in violation of Title VII if and when he receives a right to sue notice from the EEOC.

[2] The term "cause" shall mean:

23.     Prior to the date his employment was terminated, Mr. Sutherland was never informed of any purportedly offending conduct, and Mr. Sutherland did not engage of any conduct that warrants termination for cause under the Service Agreement.

24.     All conditions precedent have been satisfied prior to the filing of this Complaint.

**COUNT I**
**<u>BREACH OF CONTRACT</u>**

25.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

26.     As more particularly described above, on October 12, 2015, Plaintiff entered into the Service Agreement with Defendants for his employment as Vice President of Legal, Compliance and Human resources.  *See* **Exhibit A**.

27.     The Service Agreement is a contract.

28.     Pursuant to the Service Agreement, Defendants were required to provide Plaintiff 30 days' notice prior to termination, and, upon termination, required to pay Plaintiff's annual base salary as a lump sum payment and 12 months of medical insurance premiums.

---

a.   The Employee's willful and continued insubordination or the Employee's failure or refusal to perform his duties under the Service Agreement after notice by the Defendants identifying the offending conduct;

b.   Dishonesty in the performance of the Employee's duties under the Service Agreement;

c.   The Employee's breach of the restrictive covenant of confidentiality as set forth in the Service Agreement;

d.   The Employee's subjection to a judgment, decree or final order of a judicial or administrative body of competent jurisdiction effectively preventing the Employee from the substantial performance of his duties under the Service Agreement or causing damage to the Defendants' business reputation; or

e.   The Employee's indictment of a felony or crime involving moral turpitude.

29.     Defendants breached the Service Agreement by failing to provide Plaintiff 30 days' notice, failing to pay his annual base salary as a lump sum payment, and failing to pay 12 months of medical insurance premiums.

30.     As a direct and proximate result of the Defendants' breach of the Service Agreement, Plaintiff has sustained damages.

WHEREFORE, Plaintiff, Devon Sutherland, respectfully demands the entry of a judgment against Defendants for the full amount of benefits to which he is entitled under the Service Agreement and by law, including but not limited to $194,000.00 in a lump sum payment and twelve (12) months of medical insurance premiums, interest, costs, attorneys' fees, and such other relief as this Court deems appropriate and just.

## COUNT II
## FRAUD IN THE INDUCEMENT

Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

31.  Defendants promised Plaintiff that Plaintiff would receive stock benefits and bonuses if he accepted employment with the Defendants.

32. By their promises, Defendants intended to induce Plaintiff to leave his prior employment and accept a decrease in annual base salary of $100,000.00 in order to work for the Defendants, but never intended to provide Plaintiff with stock benefits or bonuses.

33. Defendants intended that Plaintiff rely on its misrepresentations and accept employment with the Defendants for a decreased annual base salary.

34. Plaintiff justifiably relied on Defendants misrepresentations to his detriment.

35. Had Plaintiff known that Defendants did not intend to and would fail to provide him with stock benefits or bonuses, then Plaintiff would not have left his prior employment and accepted a decrease in his annual base salary to begin employment with the Defendants.

WHEREFORE, Plaintiff, Devon Sutherland, respectfully demands entry of judgment in his favor and against Defendants, for compensatory damages and/or restitution, interest, attorneys' fees and costs, and for such other relief as the Court deems to be just and appropriate.

**COUNT III**
**<u>NEGLIGENT MISREPRESENTATION</u>**

Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in paragraphs 1 through 24 above as if fully set forth herein.

36. In promising Plaintiff stock benefits and bonuses in exchange for Plaintiff's employment, Defendants made representations and statements of material fact. Even if Defendants believed such representations and statements to be true, such representations and statements were false.

37. Defendants were negligent in making the representations and statements because they should have known the representations and statements to be false.

38. Defendants intended Plaintiff to rely upon the representations and statements.

39. Plaintiff justifiably relied on the representations and statements, and as a result has been damaged.

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a jury trial on all issues so triable as of right.

WHEREFORE, Plaintiff, Devon Sutherland, respectfully demands entry of judgment in his favor and against Defendants, for compensatory damages, interest, attorneys' fees and costs, and for such other relief as the Court deems to be just and appropriate.

DATED this 9th day of August, 2017.

Respectfully submitted,

DAMIAN & VALORI LLP
*Counsel for Plaintiff*
1000 Brickell Avenue, Suite 1020
Miami, Florida  33131
Telephone:  (305) 371-3960
Facsimile:  (305) 371-3965

*/s/  Melissa Damian Visconti*
Melissa D. Visconti, Esq.
Florida Bar No. 68063
Email:  mvisconti@dvllp.com
Allison J. Leonard, Esq.
Florida Bar No. 87061
Email: aleonard@dvllp.com